IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, et al., <br><br> Plaintiffs/Judgment Creditor, <br><br> v. <br><br> DKW CONSTRUCTION COMPANY INC., <br><br> Defendant/Judgment Debtor. | Case No. 4:10-CV-00192 (JCH) |

## ORDER

This case is before the Court on Plaintiffs' Motion to Compel. In their Motion and Memorandum, accompanied by two exhibits and the Affidavit of Counsel, Plaintiffs assert the following facts:

1. Default Judgment was entered by the Court on July 29, 2010;

2. After entry of the Default Judgment, Plaintiffs noticed Defendant's responsible Officer, Dorrie K. Wise, for a Deposition in Aid of Execution;

3. The Deposition was to take place at the office of Counsel for Plaintiffs on August 23, 2010, at 10:00 a.m.;

4. Ms. Wise appeared for the deposition, went under oath and proceeded to refuse to answer any questions, other than stating her name;

5. In her deposition, Ms. Wise stated, "I am taking the Fifth through the whole thing." (Deposition of Dorrie K. Wise, at 2).

"There is no blanket Fifth Amendment right to refuse to answer questions in non-criminal proceedings." Capitol Products Corp. v. Hernon, 457 F.2d 541, 542 (8th Cir. 1972). In order to take advantage of a privilege against self-incrimination, the deponent must specifically claim the

privilege on a particular question. Id. (citing Heligman v. United States, 407 F.2d 448, 450 (8th Cir. 1969). In order to review the validity of the invocation of privilege in a particular case, "it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Id. (quoting Hoffman v. United States, 341 U.S. 479, 487, 71 S.Ct. 814, 818, 95 L. Ed. 2d 1118 (1951)). The risk of self-incrimination must be "substantial and real." Id. (citation omitted).

The principles enunciated in Capitol Products have been recently cited by Courts within the Eastern District in fringe benefit collection matters such as the present case. *See*, Schembre v. AGR Construction Co., et al., 2007 W.L. 3268443 (E.D.Mo. Nov. 2, 2007), and O'Connell v. Penny Plumbing, Inc., 2007 W.L. 4097740 (E.D.Mo. Nov. 16, 2007). In both cases, the responsible corporate officer was noticed for a deposition, appeared and refused to answer any questions beyond stating his or her identity. AGR Construction, 2007 W.L. 3268443, at *1; Penny Plumbing, 2007 W.L. 4097740, at *1. Both Judge Jackson in AGR Construction and Judge Noce in Penny Plumbing recognized that the Court must be able to determine from each question, in its setting, whether a response would be incriminating. AGR Construction at *2; Penny Plumbing at *1. This, of course, is an impossible task where, as here, the deponent refuses to answer questions. Id.

Here, it is readily apparent that this is a civil ERISA fringe benefit collection action, not a criminal case. By refusing to answer any questions beyond stating her name, Ms. Wise has deprived Plaintiffs of meaningful post-judgment discovery, a right they have pursuant to the Federal Rules of Civil Procedure. *See*, Credit Lyonnais, S.A. v. SGC International, Inc., 160 F.3d 28 (8th Cir. 1998). The standard for determining the validity of the invocation of the Fifth

2

Amendment privilege in a civil case requires the Court to be in a position to assess the question, including its context, and the potential consequences of a response. Here, Ms. Wise refused to answer any questions, rendering such an analysis impossible. The Motion shall be granted.

WHEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel is granted. Dorrie K. Wise, the responsible Officer of Defendant DKW Construction Company, Inc., is hereby ordered to appear for a deposition in aid of execution at a mutually agreeable time within twenty-one (21) days of the date of this Order.

IT IS FURTHER ORDERED THAT Defendant and Dorrie K. Wise, jointly and severally, shall reimburse Plaintiffs their costs of conducting the first deposition, the cost of the second deposition, and attorneys' fees in the amount of One Hundred Dollars ($100.00).

IT IS SO ORDERED.

_____
Honorable Jean C. Hamilton
U.S. District Judge

9/9/10
Date